UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. E., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 21-cv-07585-SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 51 |

On December 2, 2021, the Court held a hearing on plaintiffs' motion for a preliminary injunction. The parties engaged in court-facilitated settlement discussions between December 9 and December 21, and those efforts were unsuccessful. On January 7, 2022, plaintiffs filed an administrative motion for leave to file an amended proposed preliminary injunction. Defendants objected and requested an opportunity to respond. The Court directed further briefing, which was submitted on January 21 and January 28, 2022. After consideration of all of the briefing and arguments of counsel, the Court enters this order.

**DISCUSSION**

This case involves myriad complicated issues surrounding how education is provided to children with disabilities during the COVID-19 pandemic. The plaintiffs include children with moderate to severe intellectual and developmental disabilities such as Down syndrome, autism, and cerebral palsy, and they allege that their disabilities and medical conditions place them at higher risk of health complications if they are exposed to COVID-19. The parents of these children have determined that attending in-person school during the current pandemic jeopardizes their children's health due to a variety of reasons, including that their children have compromised immune systems.

These children also have Individualized Education Plans ("IEPs") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and those IEPs specify the services and supports that the children require for their education.

During the 2020-2021 school year, due to a temporary change in California law prompted by the COVID-19 pandemic, these disabled children, like their non-disabled peers, were permitted to attend school through some form of virtual instruction or "distance learning." That temporary legislation was allowed to sunset on June 30, 2021, and in July 2021, the California legislature enacted new laws governing the 2021-2022 school year. That legislation, AB 130, provides that one form of distance learning – Independent Study – shall be made available for any student whose parent or guardian determines that the student's health would be put at risk by in-person instruction. However, disabled children with IEPs are unable to automatically access Independent Study, and instead state law provides that students with disabilities "shall not participate in independent study, unless the pupil's individualized education program [IEP]... specifically provides for that participation." Cal. Educ. Code § 51745(c).

Plaintiffs allege that families of disabled children with IEPs have faced multiple barriers to accessing distance learning through Independent Study, including (1) outright denial of Independent Study, (2) an offer of distance learning but without the services and accommodations that the student needs to learn and which were previously included in their 2020-2021 distance learning plans, and (3) long delays in convening required IEP team meetings that leave families in limbo for weeks and months.

Plaintiffs also contend that that the framework of Independent Study – which has historically been used by students who are able to work independently with minimal teacher involvement – is inaccessible to disabled students who require extensive services such as full-time behavior aides and speech, language, and occupational therapy. Plaintiffs claim that the Independent Study statute excludes students with moderate to severe intellectual and developmental disabilities who are studying an alternative curriculum, and that disabled children whose IEPs provide that they must be served by specialized non-public schools (such as students with autism) are also excluded from participating in Independent Study or any type of distance learning. Plaintiffs allege, and have

submitted evidence showing, that (1) families have been told by school districts that disabled children who cannot work independently cannot participate in Independent Study; (2) families have been told by school districts that children with moderate to severe disabilities who cannot access the core curriculum without modifications and who receive instruction based on alternative achievement standards cannot participate in Independent Study; and (3) families whose children attend non-public schools have been told by school districts that the non-public schools cannot provide virtual learning – even where the non-public schools are willing and able to do so – because the only way for disabled students to access virtual learning is through Independent Study and Independent Study cannot be provided at a non-public school. *See* Family and Advocate Declarations at Dkt. Nos. 20, 22, 33, 34, 51, 86, & 87.

Plaintiffs have also submitted evidence showing that as a result of their inability to access Independent Study (or any type of virtual learning), plaintiffs and class members have missed significant portions, if not all, of the 2021-2022 school year. *See id*. As a result, some disabled students have been declared truants, and their families who receive public benefits are now losing those benefits because many public benefit programs require recipients to attend school full-time in order to qualify. *See* Dkt. No. 94-1 ¶¶ 6-8 (discussing specific examples of students and their families who have lost public benefits).

Plaintiffs allege that they are being discriminated against on the basis of their disabilities because they are being denied alternatives to in-person classes that are available to non-disabled children. Plaintiffs contend that if Independent Study is denied to disabled students, those students must have access to an equivalent program of virtual instruction. The amended complaint alleges causes of action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794.

Defendants are the State of California, the California State Board of Education, and the California Department of Education (collectively, "the State"). The State contends that all of the matters raised by plaintiffs' lawsuit arise under the IDEA, and that each disabled student must pursue grievances by filing administrative complaints against their school districts through the administrative process available under IDEA. In addition, the State contends, *inter alia*, that the

1  school districts are necessary parties to this lawsuit and the State does not have any authority over
2  the school districts; plaintiffs seek relief that intrudes on State sovereignty; and that providing the
3  requested virtual instruction would constitute a fundamental alteration of education that is not
4  legally required.

In orders filed November 4 and 12, 2021, the Court granted plaintiffs' motion for a temporary restraining order ("TRO"). Dkt. Nos. 39 & 44.[1] That order applied to fifteen students, and directed defendants to (1) ensure that the students had meaningful access to virtual instruction and the services and accommodations in their IEPs, (2) notify the school districts of the TRO, and (3) ensure that local education agencies provide access to virtual instruction that approximates the amount and form of instruction that the students received in the 2020-2021 school year, and to provide assurances to the school districts that they would be reimbursed for this virtual instruction notwithstanding funding restrictions in AB 130.

Plaintiffs then moved for a preliminary injunction, and the Court held a hearing on December 2, 2021. The transcript of the hearing is found at Dkt. No. 72. At that hearing, the following salient information was presented to the Court:

- Plaintiffs' counsel stated that the total number of students in the proposed class is between 100 and 200 students statewide. Transcript at 60:19.
- Plaintiffs' counsel stated that in response to the TRO, school districts had begun to provide virtual learning to the students covered by the TRO; some districts elected to use the Independent Study framework, while other districts had chosen to put a camera in the student's classroom and to add services, such as a one-on-one aid, in the classroom. Transcript at 5:4-6:1. In addition, a student (H.H.) who attends a non-public school was able to begin receiving virtual instruction. *Id*. at 40:25-41:12.
- Defense counsel repeatedly stated that it was the State's position that the language in

---

[1] The Court hereby incorporates those orders by reference. As discussed *infra*, upon a fuller factual record and consideration of the amplified preliminary injunction briefing, the Court has somewhat modified its thinking about the interplay between the IDEA administrative exhaustion issues and plaintiffs' ADA and Rehabilitation Act claims. Thus, the portion of the prior orders regarding IDEA exhaustion are modified as set forth in this order.

4

1   California Education Code § 51745(a)(3) that "Independent study shall not be provided as
2   an alternative curriculum" does not categorically exclude disabled students who are
3   studying an alternative curriculum (such as students with Down syndrome or autism) from
4   participating in Independent Study, provided that the IEP team determined that Independent
5   Study was an appropriate placement.  Transcript at 16:6-13; 22:2-3; 22:14-19.[2]

- Defense counsel repeatedly stated that nothing in state law prevented a non-public school from providing virtual instruction.  Transcript at 42:20-44:25.

After the preliminary injunction hearing, the parties engaged in court-facilitated settlement discussions.  Unfortunately, those efforts were unsuccessful.  On January 7, 2022, plaintiffs filed an administrative motion for leave to file an amended proposed preliminary injunction.  The Court directed further briefing, which was submitted on January 21 and January 28, 2022.

The Court has carefully considered the factual record in this case as well as the legal arguments of counsel, all against the ever-changing backdrop of the COVID-19 pandemic and most recently, the surge of the highly contagious omicron variant.  The Court concludes that the balance of hardships tips sharply in plaintiffs' favor because they are children who cannot attend in-person school because of the health risks posed by the COVID-19 pandemic, and because these children have not been able to access distance learning, they have missed significant portions of the 2021-2022 school year and in some instances, they or their families have lost public benefits.

Because the balance of hardships tips sharply in plaintiffs' favor, they need only show that there are serious questions on the merits in order to obtain preliminary relief.  The Court concludes that they have met this showing as the ADA and the Rehabilitation Act "include an affirmative obligation for public entities to make benefits, services, and programs accessible to people with disabilities," *Updike v. Multnomah Cty.*, 870 F.3d 939, 949 (9th Cir. 2017).  Defendants California Department of Education and the State Board of Education administer the public education program in the state, Cal. Educ. Code § 33300 *et seq.*, and defendants' oversight includes local districts'

---

[2] While the State has taken the position that the "alternative curriculum" language in Cal. Educ. Code § 51745 does not categorically bar disabled students who are studying an alternative curriculum, the State could not articulate what that statutory language means. *See id.*; *see also* Supp. Calomese Decl. ¶ 16 (Dkt. No. 47).

1    compliance with the ADA and Rehabilitation Act.  *See* Cal. Educ. Code § 56205(a)(11).

2          Plaintiffs have submitted considerable evidence showing that for this school year, disabled
3    students have encountered numerous barriers to accessing virtual learning that non-disabled students
4    do not face.  In the Court's view, it appears that a number of those barriers flow from the fact that
5    for the 2021-2022 school year, the State adopted Independent Study as the primary avenue for
6    students to access virtual instruction, and by design independent study is not accessible to many
7    children with disabilities, including those with moderate to severe intellectual and developmental
8    disabilities.  Those issues have been compounded by a lack of information, or confusing
9    information,[3] from the State to the school districts about how to accommodate disabled students
10   who require virtual instruction, whether within the Independent Study framework or outside of it,
11   as in the case of students attending non-public schools.  As a result, the record shows that scores of
12   disabled students (and potentially up to 200, according to plaintiffs' counsel) have been unable to
13   access virtual instruction this school year and have missed school, and in some cases, have lost
14   public benefits.

15         The Court recognizes the challenges the State and the school districts face in educating
16   children during a pandemic, and the Court is hopeful that with the ebbing of the omicron variant
17   and the availability of vaccines for school age children, greater numbers of disabled children will
18   be able to attend school in-person.  The Court also finds that defendants' arguments about IDEA's
19   applicability to this case are not without force, and as such, the Court modifies its prior language as
20   follows.  To the extent plaintiffs are challenging State-imposed barriers on the ability of disabled
21   students to access Independent Study – for example, by excluding students who are studying an
22   alternative curriculum – those claims do not arise under IDEA and IDEA cannot provide the
23   necessary relief.  Similarly, to the extent plaintiffs claim that the State has foreclosed the ability of

---

[3] As discussed in the Court's prior orders, the State issued FAQs in October 2021 to clarify that students need not be able to work independently in order to access Independent Study. Plaintiffs have submitted evidence showing that despite this guidance, school districts have nevertheless denied Independent Study on the ground that the student cannot work independently. The State has never issued FAQs or any type of guidance regarding the "alternative curriculum" language in the Independent Study statute, nor has the State issued guidance addressing students attending non-public schools and how those students can access virtual education during the 2021-2022 school year.

school districts and non-public schools from offering virtual instruction to disabled students outside of the Independent Study framework, the Court finds that those claims also do not arise under IDEA. In asserting those claims, plaintiffs are challenging the State's failure to ensure that public education is accessible and the failure to make reasonable accommodations to ensure meaningful access – claims that arise under the ADA and the Rehabilitation Act. However, to the extent that disabled students wish to challenge the particular decisions made by IEP teams about whether a free and public education can be provided in a particular setting, the Court agrees with defendants that those claims do arise under IDEA and therefore must be exhausted through the administrative process.

It is the Court's intent in issuing this preliminary injunction to provide relief directed at the systemic barriers to access that plaintiffs have identified in their papers and declarations, including the problems stemming from a lack of clear information or guidance from the State,[4] while not dictating the decisions of particular IEP teams. However, the State needs to make clear to school districts that all disabled students whose parents have determined that in-person schooling places the health of their children at risk shall be considered eligible for Independent Study or any other form of virtual instruction that the IEP team and school districts can craft,[5] and that the State is not placing any limitations – financial or otherwise – on that process. Accordingly, the Court issues the following preliminary injunction:

//

---

[4] The Court is not persuaded by the defendants' arguments that directing the State to issue guidance intrudes on state sovereignty. As noted *supra*, the State has an affirmative obligation to ensure that public education is accessible to disabled students, and providing information to the school districts regarding the State's position about how disabled students can access Independent Study is consistent with that oversight. Similarly, notifying districts of their obligation to consider reasonable modifications in the event that Independent Study is determined to be inappropriate is also consistent with the State's obligation to ensure that school districts comply with the ADA and Rehabilitation Act.

[5] At the preliminary injunction hearing, plaintiffs' counsel provided several examples of how virtual instruction could be provided outside of the Independent Study framework, including the real-life example of the school district that placed a camera in a student's classroom along with a one-on-one aide in the classroom while the student attended virtually, Transcript at 5:12-20, and the hypothetical example of a virtual special day class for children studying an alternative curriculum. *Id*. at 19:2-14.

**PRELIMINARY INJUNCTION**

DEFENDANTS, their officers, agents and assigns and those in active concert or participation with them are RESTRAINED AND ENJOINED from failing to ensure that local educational agencies allow disabled students with Individualized Education Plans ("IEPs") to participate remotely in their educational program, either as a reasonable modification or through Independent Study, when the student's health would be put at risk by in-person instruction, as determined by their parent.

Defendants, their officers, agents and assigns and those in active concert or participation with them are FURTHER ORDERED to implement this Order by taking the following actions:

1. No later than March 10, 2022, issue guidance to Local Education Agencies ("LEAs") regarding their obligations to comply with federal laws prohibiting discrimination on the basis of disability, including the following language:

    a. If a parent determines that their disabled child's health would be put at risk by in-person instruction, the LEA and IEP team must consider reasonable modifications that allow the student to participate virtually unless to do so will be a fundamental alteration of their overall educational program. IEP teams shall consider the following in determining appropriate supports or modifications: (1) students may participate in Independent Study virtually including via video with access to the services in the student's IEP; and (2) the limitation on the use of an "alternative curriculum" in Independent Study does not exclude students participating in the California Alternative Assessment standards.

    b. If the student's IEP team concludes that the student cannot receive a free and appropriate public education ("FAPE") through Independent Study, the student is still entitled to a reasonable modification subject to the limits in Subsection (a) above.

    c. In determining what is a reasonable modification, the LEA and IEP team must consider different modalities of virtual instruction to determine which is most likely to provide the student with educational benefit, including participating via video-conference in the class that the student would otherwise attend, with access to the services in the student's IEP such as a one-to-one aide at home or in the classroom when the student is participating

virtually.

        d. Students who attend a Non-Public School may attend school virtually as a reasonable accommodation, and nothing in AB 130 precludes virtual instruction as a reasonable accommodation. Assuming other requirements are met, the State of California will treat this arrangement as a valid and reimbursable form of instruction.

2. Direct LEAs to provide notice (described below) to all students with IEPs who have requested or are currently participating in Independent Study or Home Hospital Instruction, or who have been absent for more than 14 days since the beginning of school.  Defendants must instruct LEAs to provide this notice no later than March 14, 2022. The notice must inform the students' families or caregivers of their rights to:

        a. Participate remotely in their educational program, either as a reasonable modification or through Independent Study, when the student's health would be put at risk by in-person instruction, as determined by their parent; and

        b. Set aside any agreement to waive their right to accommodations and the services in their IEPs, and request this virtual instruction program.

3. Take all necessary steps within their authority to ensure that LEAs comply with these directives.

4. Report to this Court regarding implementation of this Order.

**IT IS SO ORDERED.**

Dated: February 28, 2022

SUSAN ILLSTON
United States District Judge