UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. E., *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>  Defendants. | Case No. 21-cv-07585-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR STAY PENDING APPEAL**<br><br>Re: Dkt. No. 107 |

On March 11, 2022, the Court held a hearing on defendants' motion to stay the preliminary injunction pending appeal. Defendants seek a stay of the Court's February 28, 2022 preliminary injunction order pending the outcome of an anticipated appeal to the United States Court of Appeals for the Ninth Circuit.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id*. (internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. *Id*. at 433–34. In deciding whether to grant a stay pending appeal, the Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434. The first two factors "are the most critical." *Id*.

The Court will not stay its preliminary injunction order pending defendants' appeal. The Court recognizes that this case involves complicated legal and factual questions. However, the Court disagrees with defendants' characterization of the sweeping scope of the preliminary injunction order. The Court also disagrees with defendants' view that disabled students whose parents believe that in-person school places their students at health risks due to COVID-19 are not

entitled under the Americans with Disabilities Act to the reasonable accommodation of being able to access some form of remote/virtual instruction when their similarly situated non-disabled peers are explicitly provided access to Independent Study by state statute.

Further, the Court is not persuaded that defendants will be irreparably harmed absent a stay. At the hearing, defense counsel argued that defendants will suffer institutional harm if the injunction order goes into effect because, *inter alia*, the Department will be required to issue guidance with which it disagrees.[1]  In the Court's view, these asserted injuries are speculative and amorphous, particularly when compared to the significant, ongoing, concrete and irreparable harm suffered by the disabled students who are not able to attend in-person school due to the pandemic and who have missed school for most, if not all, of the 2021-2022 school year.  Further, some of these students and their families are now experiencing harmful collateral consequences such as a loss of public benefits.  The equities tip sharply in plaintiffs' favor.

The stay of the preliminary injunction order remains in effect until Thursday, March 17, 2022.  Defendants may seek a stay from the Ninth Circuit.  As long as this Court's preliminary injunction order remains in effect, the TRO protections for the 15 students covered by the TRO also remain in effect.

At the hearing, counsel indicated that they were open to exploring whether the parties could work together to craft language modifying the preliminary injunction order and/or the language of the guidance directed by the preliminary injunction order.  The Court strongly encourages the parties to do so if that would be productive.

**IT IS SO ORDERED**.

Dated: March 11, 2022

SUSAN ILLSTON
United States District Judge

---

[1] In drafting the preliminary injunction, the Court made an effort to incorporate primarily positions that had been taken by the Department's counsel at the December 2, 2021 hearing.