ROB BONTA
Attorney General of California
JENNIFER G. PERKELL
Supervising Deputy Attorney General
JENNIFER A. BUNSHOFT
ELIZABETH N. LAKE
KEVIN L. QUADE
ANTHONY C. PINGGERA
Deputy Attorneys General
State Bar No. 320206
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6276
 Fax:  (916) 731-2125
 E-mail:  Anthony.Pinggera@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **E.E by and through her guardian ad litem A.J., and L.N. by and through his guardian ad litem K.N., on behalf of themselves and a class of those similarly situated; and DISABLITY RIGHTS EDUCATION & DEFENSE FUND,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA STATE BOARD OF EDUCATION; and CALIFORNIA DEPARTMENT OF EDUCATION,**<br><br>Defendants. | 3:21-cv-07585-SI<br><br>**JOINT MOTION FOR VACATUR AND REQUEST FOR DEPUBLICATION**<br><br>Judge:          The Honorable Susan Illston<br>Trial Date:    TBD<br>Action Filed: September 28, 2021 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, in accordance with Federal Rule of Civil Procedure 60(b), the parties jointly move for vacatur and depublication of this Court's prior decisions regarding Plaintiffs' Request for a Temporary Restraining Order, published at *E.E. v. California*, 570

1  F.Supp.3d 759 (N.D. Cal. 2021), and Plaintiffs' Motion for a Preliminary Injunction, published as
2  *E.E. v. California*, 2022 WL 597035 (N.D. Cal., Feb. 28, 2022).
3      This joint motion is supported by the present motion, a memorandum of points and
4  authorities, and the Declaration of Anthony C. Pinggera. As this is a joint motion from the
5  parties, there is no requirement to meet and confer prior to filing.

Dated: July 18, 2022                        Respectfully submitted,

                                                                 ROB BONTA
                                                                 Attorney General of California
                                                                 JENNIFER G. PERKELL
                                                                Supervising Deputy Attorney General

                                                                */s/ Anthony C. Pinggera*
                                                                ANTHONY C. PINGGERA
                                                                Deputy Attorney General
                                                                *Attorneys for Defendants*

                                                                DISABILITY RIGHTS CALIFORNIA

                                                                */s/ Melinda Bird*
                                                                MELINDA BIRD
                                                                *Attorneys for Plaintiffs*

                                                                DISABILITY RIGHTS EDUCATION &
                                                                DEFENSE FUND

                                                                */s/ Claudia Center*
                                                                CLAUDIA CENTER
                                                                *Attorneys for Plaintiffs*

                                                                VANAMAN GERMAN LLP

                                                                */s/ David W. German*
                                                                DAVID W. GERMAN
                                                                *Attorneys for Plaintiffs*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

On November 4, 2021, this Court granted Plaintiffs' Request for a Temporary Restraining Order (TRO), and on February 28, 2022, it granted Plaintiffs' request for a preliminary injunction. On March 11, 2022, Defendants appealed the order granting the preliminary injunction. Defendants also sought a stay of the preliminary injunction that was granted by the Ninth Circuit on March 16, 2022. While Defendants' appeal of the preliminary injunction was pending, the parties agreed to mediate through the Ninth Circuit Mediation Program, and ultimately negotiated a settlement of the entire case. As part of their Settlement, the parties agreed to propose certain statutory amendments for inclusion as part of the education omnibus trailer bill, AB 181. The parties agreed that, when and if those amendments passed, they would jointly seek vacatur and depublication of the Court's opinions regarding the TRO and the preliminary injunction. The amendments did pass, and the parties now make this joint motion.

Equitable interests support granting the joint motion. Specifically: (1) the fact-specific nature of the case and subsequent changes in the law reduce the preclusive effect of the decision; (2) the parties jointly agreed that requesting vacatur was in their best interests as part of settlement; and (3) vacatur was not the primary motivation for settling the matter. The Court should therefore grant the parties' joint request for vacatur and depublication of its opinions regarding the TRO and the preliminary injunction in this matter.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 22, 2021, Plaintiffs filed a Motion for a Temporary Restraining Order. (Dkt. 13). On November 4, 2021, the Court heard argument and ultimately granted the TRO. (Dkt. 37). The Court issued a detailed opinion with its Order that it published as *E.E. v. California*, 570 F.Supp.3d 759 (N.D. Cal. 2021). Plaintiffs additionally moved for a preliminary injunction, which the Court granted on February 28, 2022. (Dkt. 104). The Court's opinion regarding the preliminary injunction was published as *E.E. v. California*, 2022 WL 597035 (N.D. Cal., Feb. 28, 2022). Defendants promptly appealed the decision to grant the preliminary injunction to the Ninth Circuit. (Dkt. 121). Defendants also sought a stay of the preliminary injunction, which the

Ninth Circuit granted on March 16, 2022. *See* Order, *E.E. et al. v. State of California et al.*, No. 22-15374 (9th Cir. Mar. 16, 2022), ECF No. 9.

In December 2021, the parties engaged in several rounds of mediation with Magistrate Judge Sallie Kim in an attempt to resolve the matter, but these initial negotiation sessions were unsuccessful. (Pinggera Decl., ¶ 4). Soon after Defendants filed their Notice of Appeal, Plaintiffs proposed submitting the matter to the Ninth Circuit Mediation Program. *Ibid*. Defendants agreed, and the parties engaged in mediation with Mediator Kay Suk on April 14 and April 22, 2022. (Pinggera Decl., ¶ 5). These negotiations resulted in a settlement that was signed by all parties and finalized on May 20, 2022. (*See* Pinggera Decl., ¶ 2, Exh. A).

Under the terms of the settlement, Defendants agreed to propose a number of changes to the language of certain Education Code statutes to clarify existing state law. (Pinggera Decl., ¶ 6). These amendments would be included in the State's education omnibus trailer bill for the year, AB 181, along with other unrelated reforms and statutory clarifications. *Ibid*. AB 181 was passed by both houses of the State Legislature, and signed into law by the Governor on June 30, 2022.

Once AB 181 was passed, Plaintiffs confirmed that the new statutory language substantially conformed to what the parties agreed upon in the Settlement. (Pinggera Decl., ¶ 9). Therefore, the parties are now filing this joint motion for vacatur and depublication of this Court's opinions regarding the TRO and the preliminary injunction.[1]

## ARGUMENT

### I. LEGAL STANDARD

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, the parties may move to vacate a judgment or order of the District Court if, among other reasons, "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). In the Ninth Circuit, a district court tasked with

---

[1] Though the Ninth Circuit is empowered to vacate a District Court decision, Mediator Suk recommended to the parties that we file the present motion directly with the District Court. (Pinggera Decl., ¶ 8). In cases where an appellant "renders his appeal moot by his own act," such as in cases of settlement, the Ninth Circuit's "established procedure is not to vacate the district court's decision automatically, but to remand so the district court can decide whether to vacate its judgment." *Dilley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995).

vacating its own prior order or judgment engages in an equitable balancing test. *Ringsby Truck Lines, Inc. v. Western Conf. of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982). In doing so, the court considers both "the consequences and attendant hardships of dismissal or refusal to dismiss . . . and the decision, on the facts of the case, between the competing values of finality of judgment and right to relitigation of unreviewed disputes." *Ibid.* The court may also consider "the motives of the party whose voluntary action mooted the case" and the implications for public policy. *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1168-70 (9th Cir. 1998).

Depublication requests are generally considered in combination with motions for vacatur, and often rely on the same tests and factors. *See*, *e.g.*, *Auto. Club of S. Cal. v. Mellon Bank (DE) Nat'l. Ass'n.*, 224 F.R.D. 657, 659 (C.D. Cal. 2004.) (both vacating and depublishing a prior decision after weighing the *Ringsby* factors); *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.,* 810 F. Supp. 263, 265-66 (N.D. Cal. 1992) (a motion for vacatur is also effectively a request for depublication as it removes the preclusive effect of a prior ruling).

**II.   THE BALANCE OF THE EQUITIES TIPS IN FAVOR OF VACATUR**

    **A.   Changes in the law resulting from the settlement reduce the preclusive effect of the Court's decision**

An important factor in deciding to grant vacatur based on a settlement is the value of any preclusive effects, including the "valu[e] to the legal community as a whole" of the legal decision. *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 26 (1994); see *also Cisco Systems v. Arisa Networks*, 2018 WL 11370984, at *2 (N.D. Cal., Oct. 1, 2018) (granting vacatur because "the highly fact-specific nature of the dispute . . . would make it difficult for other parties to use the Judgment preclusively"). "The point of vacatur is to prevent an unreviewable decision 'from spawning any legal consequences,' so that no party is harmed by what we have called a 'preliminary' adjudication." *Camreta v. Greene*, 563 U.S. 692, 713, (2011) (quoting *U.S. v. Munsingwear*, 340 U.S. 36, 40-41 (1950)).

The statutory amendments that were adopted as a result of the settlement clarify the same ambiguities that the Court identified in its rulings on the TRO and the preliminary injunction. First, Education Code Section 51745 has been amended to explicitly state that a student's

inability to work independently does not make them *per se* ineligible for Independent Study. (Pinggera Decl., Exh. B, Sec. 73).  Second, all references to an "alternate curriculum" have been stricken from the statutes governing Independent Study.  *Id* at Sec. 73, 109-110.  These changes are meant to ensure that local educational agencies (LEAs) better understand their own obligations under both federal and state law. (*See* Pinggera Decl., ¶ 6).  In its decision on the TRO, the Court identified that the primary question of the case was whether state law prohibited disabled students from accessing Independent Study.  (See Dkt. 36, p. 20-22).  The amendments to Education Code Section 51745 make clear that it does not.  The potential barriers to Independent Study for disabled students identified by the Court no longer exist.  Any future litigation, even with identical facts, would be based on the new statutory language that did not exist at the time the Court entered the TRO and the preliminary injunction. Under these circumstances, the balance of the equities tips in favor of vacatur.

### B. The parties have jointly agreed to seek vacatur

A district court is not obligated to vacate a decision pursuant to settlement because, otherwise, "any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Ringsby,* 686 F.2d at 721.  However, if the dispute has been mooted because the parties have already reached a final settlement, then "the effect of *res judicata* is of secondary importance." *Auto. Club of S. Cal. v. Mellon Bank (DE) Nat'l. Ass'n.*, 224 F.R.D. 657, 659 (C.D. Cal. 2004.)  "[W]here the parties have settled the litigation and jointly seek vacatur, it is appropriate to vacate the court's prior order." *Perfect 10, Inc. v. Megaupload Ltd.*, 2011 WL 10618723 at *1 (C.D. Cal., Oct. 11, 2011); *see also Adobe Systems, Inc. v. St. Paul Fire and Marine Ins. Co.*, 2008 WL 1743879 at *1 (N.D. Cal., Apr. 8, 2008) (ordering vacatur after settlement when the parties agreed to request vacatur as "part of the consideration for the settlement").

The parties have agreed to jointly seek vacatur and depublication as part of the Settlement Agreement, although the agreement is not conditioned on approval of this motion.  (Pinggera Decl., Exh. A, part II.E).  They reached settlement after multiple rounds of mediation with U.S. District Court Magistrate Judge Kim and with Mediator Kay Suk of the Ninth Circuit Mediation

Program. (Pinggera Decl., ¶¶ 4-5). In addition to accomplishing the legislative changes discussed above, the Settlement is intended to resolve all outstanding issues related to the claims asserted by Plaintiff and to spare both the parties and the courts from the time and burden of continued litigation. As the parties affirmatively agree that settlement best serves the interests of the litigants in light of the legislative changes, the Court should grant this joint motion. *See, e.g., Amantuallah v. United States Life Ins. Co.*, 2017 U.S. Dist. LEXIS 185583 at *4 (D. Idaho, Oct. 19, 2017) (granting vacatur after the parties stipulated to the request because "the Court will not get in the way of a global settlement that the parties have determined is in their best interests"); *Cisco Systems*, 2018 U.S. Dist. LEXIS 244918 at *6-7 (granting vacatur when it would "spare the parties and the judicial system the burden of further litigation, including resolution of the pending appeal").

    **C.    Defendants did not intend to avoid appellate review through settlement and vacatur**

"[I]f the district court determines that the appellant did not intend to avoid appellate review and to have the district court's order vacated, that factor may weigh equitably in favor of vacating the order." *Dilley v. Gunn*, 64 F.3d 1365, 1372 n. 6 (9th Cir. 1995).

Defendants did not seek to avoid appellate review in this matter. After the District Court granted Plaintiffs' request for a preliminary injunction, Defendants immediately sought an appeal of the decision at the Ninth Circuit and sought a stay of the preliminary injunction. (*See* Dkt. 121). Defendants actively pursued their appeal until Plaintiffs proposed submitting the matter to the Ninth Circuit Mediation Program. (Pinggera Decl., ¶¶ 3-4). Defendants agreed to mediation, and the parties ultimately reached their Settlement Agreement. (Pinggera Decl., ¶¶ 2-5). Had litigation continued, Defendants were prepared to brief and argue their appeal. They do not therefore seek to avoid appellate review by seeking vacatur and depublication through the present motion.

**CONCLUSION**

Based on the foregoing, the parties respectfully request that the Court grant their joint motion for vacatur and request for depublication of the Court's opinions regarding the Temporary Restraining Order and the preliminary injunction.

Dated: July 18, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
JENNIFER G. PERKELL
Supervising Deputy Attorney General


*/s/ Anthony C. Pinggera*
ANTHONY C. PINGGERA
Deputy Attorney General
*Attorneys for Defendants*

DISABILITY RIGHTS CALIFORNIA

*/s/ Melinda Bird*
MELINDA BIRD
*Attorneys for Plaintiffs*

DISABILITY RIGHTS EDUCATION & DEFENSE FUND

*/s/ Claudia Center*
CLAUDIA CENTER
*Attorneys for Plaintiffs*

VANAMAN GERMAN LLP

*/s/ David W. German*
DAVID W. GERMAN
*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **E.E.; A.J.; L.N.; through guardian ad litem K.N., et al. v State of California; SBE; and CDE** | No. | **3:21-cv-7585** |

I hereby certify that on July 18, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **JOINT MOTION FOR VACATUR AND REQUEST FOR DEPUBLICATION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 18, 2022, at Los Angeles, California.

|  |  |
|---|---|
| Gail Agcaoili | *[signature]* |
| Declarant | Signature |

SF2021304708
65275851.docx