Rob Bonta
Attorney General of California
Jennifer G. Perkell
Supervising Deputy Attorney General
Jennifer A. Bunshoft
Elizabeth N. Lake
Kevin L. Quade
Anthony C. Pinggera
Deputy Attorneys General
State Bar No. 320206
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6276
  Fax:  (916) 731-2125
  E-mail:  Anthony.Pinggera@doj.ca.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **E.E by and through her guardian ad litem A.J. and L.N. by and through his guardian ad litem K.N., on behalf of themselves and a class of those similarly situated; and DISABILITY RIGHTS EDUCATION & DEFENSE FUND,**<br><br>Plaintiffs,<br><br>v.<br><br>**STATE OF CALIFORNIA; CALIFORNIA STATE BOARD OF EDUCATION; and CALIFORNIA DEPARTMENT OF EDUCATION,**<br><br>Defendants. | 3:21-cv-07585-SI<br><br>**DECLARATION OF ANTHONY C. PINGGERA IN SUPPORT OF THE JOINT MOTION FOR VACATUR AND REQUEST FOR DEPUBLICATION**<br><br>Judge:     The Honorable Susan Illston<br>Trial Date:   TBD<br>Action Filed:  September 28, 2021 |

I, Deputy Attorney General Anthony C. Pinggera, declare that if called as a witness, I could and would testify competently as follows:

1.   I am an attorney duly licensed to practice in the State of California and in the U.S. District Court for the Northern District of California.  I am a Deputy Attorney General in the Office of the California Attorney General, and am assigned to represent Defendants in this matter.

2.   The present joint motion for vacatur and request for depublication arises from the Settlement Agreement between the parties that was executed on May 20, 2022.  A copy of the Settlement Agreement is attached as Exhibit A.

3.   After this Court granted Plaintiffs' request for a preliminary injunction on February 28, 2022, Defendants filed a Notice of Appeal of that decision on March 11, 2022.

4.   During the pendency of Defendants' appeal, Plaintiffs suggested submitting the matter to the Ninth Circuit Mediation Program in an attempt to resolve the matter.  The parties had previously conducted three rounds of mediation with U.S. District Court Magistrate Judge Sallie Kim in December 2021, but those sessions did not result in settlement.

5.    The parties agreed to mediate with Ninth Circuit mediator Kay Suk.  Mediation sessions were held on April 14 and April 22, 2022.

6.   During these mediation sessions, the parties discussed legislative amendments to clarify the state's Independent Study program requirements for the benefit of local education agencies in advance of the 2022-23 school year, to be included as part of AB 181, the 2022 education omnibus trailer bill.  The parties reached agreement regarding language to resolve perceived ambiguities in the law and confirm that disabled students are not prohibited from participating in Independent Study programs.

7.   The parties also agreed that, should the proposed legislation pass and be signed into law, the parties would jointly move for vacatur and depublication of the District Court's decisions granting the temporary restraining order and the preliminary injunction.  *See* Exh. A, part II.E.

8.   Mediator Suk advised the parties to submit their motion for vacatur directly to the District Court as opposed to the Ninth Circuit.

9.   AB 181 was signed into law on June 30, 2022, with the proposed legislation included as Sections 73, 109, and 110 of the bill.  Copies of the relevant sections of AB 181 have been attached as Exhibit B.  On July 6, 2022, Plaintiffs confirmed that the language included in AB

2

181 substantially conforms to the language that was proposed as a condition of the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of July, 2022, in Los Angeles, California.

Anthony C. Pinggera

# EXHIBIT A

## SETTLEMENT AGREEMENT

It is hereby agreed among the Plaintiffs (E.E by and through her guardian ad litem A.J., L.N. by and through his guardian ad litem K.N., H.H. by and through her guardian ad litem M.H., and K.H. by and through her guardian ad litem C.H.; DISABILITY RIGHTS EDUCATION & DEFENSE FUND, and The ARC OF CALIFORNIA), and the Defendants (the State of California, the California Department of Education (CDE), and the State Board of Education (SBE), (collectively, the "Parties") in *E.E.. et al. v. State of California*, federal District Court for the Northern District of California, Case Number 3:21-cv-7585, and Ninth Circuit Court of Appeals, Case No. 22-15374 (collectively, "the Action") that:

## I. Substantive Terms

A.     Proposed Legislation.  Defendants agree to recommend including the following amendments and additional sections in the Governor's Education Budget Trailer Bill (trailer bill) as part of the 2022-23 budget process, all of which is subject to approval by the Legislature (hereinafter referred to as the "Proposed Legislation") as follows:

1.     In addition to the changes already proposed to section 51745 in Section 22 of the trailer bill regarding Independent Study, Defendants agree to recommend including the following underlined additions to subdivision (c) of section 51745:

> (c) An individual with exceptional needs, as defined in Section 56026, shall not may participate in independent study, unless if the pupil's individualized education program developed pursuant to Article 3 (commencing with Section 56340) of Chapter 4 of Part 30 specifically provides for that participation. If a parent of an individual with exceptional needs requests independent study pursuant to section 51745(a)(6), the pupil's IEP team shall make an individualized determination as to whether the pupil can receive a free appropriate public education (FAPE) in an independent study placement.  A pupil's inability to work independently, the pupil's need for adult support, or the pupil's need for special education or related services shall not preclude an IEP team from determining that

1

<u>the pupil can receive a FAPE in an independent study placement.</u>

2.      Defendants agree to recommend adding the following section to the trailer bill regarding legislative intent:

Sec. XX. The Legislature finds and declares that the amendments to Section 51745 of the Education Code, enacted in Section XX of this act, are intended to clarify the legal requirements for local educational agencies for serving individuals with exceptional needs, as defined in Section 56026 of the Education Code, when offering independent study.  The COVID-19 pandemic has caused significant disruption to many aspects of the state's public education system and to the experience of students and families.  The implementation of independent study programs under Assembly Bill 130, Chapter 44, Statutes of 2021, to support the return to in-person learning in the 2021-22 school year, in particular at the start of the school year, highlighted several areas where additional clarity in the law would benefit local educational agencies and students and families.

3.      Defendants agree to recommend including the following language in the trailer bill to specifically address the provision of virtual instruction at a nonpublic school:

Sec. XX.

(a) A local educational agency may claim apportionment for a pupil who receives services from a nonpublic school through a virtual program if all of the following conditions are met:

(1) The pupil is an individual with exceptional needs, as defined in Section 56026 of the Education Code, whose Individualized Education Program includes a placement at a nonpublic school pursuant to Sections 56365 and 56366 of the Education Code;

(2) The local educational agency offers independent study pursuant to paragraph (5) of subdivision (a) Section 51745 of the Education Code;

(3) The pupil's parent or guardian requests independent study pursuant to paragraph (5) of subdivision (a) of Section 51745 of the Education Code;

(4) The pupil's Individualized Education Program team determines that a free appropriate public education can be provided by a virtual program in the nonpublic school placement; and

(5) The virtual program provided by the nonpublic school includes procedures for tiered reengagement strategies for all pupils who are not

2

generating attendance for more than three schooldays or 60 percent of the instructional days in a school week, or 10 percent of required minimum instructional time over four continuous weeks of a local educational agency's approved instructional calendar, or pupils who do not participate in scheduled live interaction or synchronous instruction for more than the greater of three schooldays or 60 percent of the scheduled days of synchronous instruction in a school month as applicable by grade span.

(b) A local educational agency may claim apportionment credit for a virtual program at a nonpublic school as described in subdivision (a) only to the extent of the time value of pupil work products, as personally judged in each instance by a certificated teacher employed by the nonpublic school.

(c) To ensure the authorization of services provided under this section does not undermine the entitlement of individuals with exceptional needs to a free appropriate public education, this section shall become inoperative on July 1, 2024, and on December 31, 2024 is repealed, unless the Legislature takes further action to extend this provision.

B.     <u>Letter Regarding Enacted Legislation</u>.  Upon enactment of the Proposed Legislation, CDE will issue a letter to County and District Superintendents, Special Education Local Plan Area Directors, Special Education Administrators at County Offices, Special Education Program Directors, Charter School Administrators, and Nonpublic School Directors regarding these enacted changes in the trailer bill that relate to special education (see Section I.A, above).  CDE will provide a draft of the letter to Plaintiffs' counsel at least 30 days prior to issuing the letter.  Plaintiffs' counsel may provide written feedback on the draft and suggestions for consideration at least 7 days prior to the planned date of issuance.  CDE will consider in good faith any feedback and suggestions proposed by Plaintiffs' counsel, but CDE shall retain final editorial control regarding the content of the letter.

C.     <u>Joint Request for Vacatur and Depublication</u>.  The district court issued its Order Granting Plaintiffs' Motion for a Temporary Restraining Order (TRO) on November 4, 2021. The district court subsequently clarified its TRO on November 12, 2021 and on February 28,

3

2022, the district court issued its Order Granting Plaintiffs' Motion for a Preliminary Injunction (PI Order).  The TRO has been ordered published. *See E.E. et al. v. State of California, et al.*, No. 21-cv-07585-SI, 2021 WL 5139660, N.D.C.A. Nov. 4, 2021. The PI Order is stayed pending Defendants' appeal.

       1.     Plaintiffs agree to join Defendants' Motion for Depublication and Vacatur of the district court's Order Granting Plaintiffs' Motion for a Temporary Restraining Order.

       2.     Plaintiffs agree to join Defendants' Motion for Vacatur of the district court's Order Granting Plaintiffs' Motion for a Preliminary Injunction.

## II.  Process for Settlement Implementation and Dismissal

    A.     Immediately following execution of the Settlement Agreement, the parties shall jointly inform Ninth Circuit mediator Kay Suk that they have settled the case, and request the administrative closure of the appeal until the passage of the Proposed Legislation.  The Ninth Circuit stay of the District Court's preliminary injunction order shall remain in place.  [The Parties shall request a stay of the district court action pending passage of the Proposed Legislation, with the understanding that the Temporary Restraining Order will remain in effect during the stay of proceedings.

    B.     The Parties agree that any announcement or public statements by the parties disclosing the terms of the settlement or Proposed Legislation will not occur until after the Governor's May Revision is released.  Defendants agree to promptly notify Plaintiffs' counsel as soon as the release time and date for the Governor's May Revision are announced. The parties agree to give each other no less than 24 hours' notice before they make a public announcement

4

regarding the Proposed Legislation and/or terms of the Settlement Agreement.

C.      The Parties agree that neither they nor their counsel will support any alternative to the Proposed Legislation set forth in Section I.A, or a competing legislative proposal.  The Parties will engage in good faith efforts to obtain the enactment of legislation implementing the agreed-upon proposals.

D.      Defendants shall provide electronic notice to Plaintiffs' counsel and copies of any signed legislation enacted as part of the 2022-23 budget process consistent with the Proposed Legislation, that Defendants believe suffice to satisfy the requirements of this Agreement.

E.      If Plaintiffs agree that the legislation enacted as part of the 2022-23 budget process substantially conforms with the Proposed Legislation, Plaintiffs shall inform Defendants within 5 days of Defendants' electronic notice of their agreement.  Within 10 days of Plaintiffs' notice, the Parties will file joint motions for depublication and vacatur of the district court's Temporary Restraining Order and vacatur of the district court's Preliminary Injunction Order, as set forth in Section I.C, above.  Within 5 days of the date of issuance of the last issued order on the parties' joint motions, Plaintiffs shall dismiss the district court action with prejudice.

F.      If either Party believes that the Legislature has passed legislation as part of the 2022-23 budget process that does not substantially conform to Proposed Legislation, the Parties agree to meet-and-confer within 5 days of Defendants' notice, and advise the other Parties whether they would seek to void settlement if the legislation is signed into law.  If Defendants become aware prior to the passage of the legislation that it may not substantially conform to the Proposed Legislation, they will provide notice to Plaintiffs as soon as possible prior to passage of the legislation by the Legislature. Following meet and confer, Plaintiffs may dismiss with

prejudice or move the district court to lift the stay of the litigation and submit a proposed

timeline for further proceedings.  Defendants may oppose a motion to lift the stay on any legal

ground, including but not limited to, opposition on the ground that the legislation substantially

conforms to the Proposed Legislation, or based on Plaintiffs' requested proceedings.  If the stay

of district court proceedings is lifted, Defendants will request the reopening of their appeal.

       G.      If the Proposed Legislation is dropped from consideration by the Legislature, or

finally rejected during the legislative session without passing any part of it, Defendants will

inform Plaintiffs and the Parties will jointly move the Court to lift the stay that is being applied

in light of the Settlement Agreement.  Defendants will also request the reopening of their appeal.

       H.      The Parties understand and acknowledge that a member or members of the

Legislature may seek to modify the legislative proposal after it is proposed.  Defendants are not

committing to pass the legislative proposal.  Failure of the Proposed Legislation is not a breach

of the settlement and Plaintiffs' sole remedy is lifting the stay of the case.

       I.      No oral or written statement made by the Parties (Plaintiffs or Defendants), their

agents, their counsel, or in the case of Defendants, other State officials, as a part of the process of

introducing, seeking, testifying or advocating the Proposed Legislation shall be submitted to the

court in briefs, oral argument, or trial, or otherwise used by either party in support of liability,

any defenses, or any relief in the course of litigation if the case is not dismissed with prejudice.

If the Parties dispute whether legislation passed by the Legislature and signed by the Governor

substantially conforms to Proposed Legislation, nothing in the foregoing shall preclude the

district court from comparing the legislation to the settlement for the purpose of resolving that

dispute.

                          *EE. v. State of California* Settlement Agreement

### III. __Attorneys' Fees and Costs__

A.      Subject to appropriation by the Legislature, and within 75 days after Notice of Entry of Dismissal of the Action pursuant to the procedure stated under Section II.E, Defendants will pay Plaintiffs attorneys' fees and costs in the amount of two hundred seventy-five thousand dollars ($275,000) in full and final settlement of any and all attorneys' fees and costs claims that have been or could have been or could be made in this case.  Payment shall be made by check payable to Disability Rights California at a bank account jointly designated by Plaintiffs' counsel in writing at the time of the dismissal of the Action.  Plaintiffs' counsel, and not the Defendants, shall be responsible for any division or allocation of the payment between them.  Once received, this payment shall constitute full resolution of any and all claims for attorneys' fees and/or costs by Plaintiffs arising from and related to the Action, including any costs or fees for implementation, monitoring, and/or oversight of this Settlement Agreement.  Upon receipt of the payment, Plaintiffs and their counsel waive and release Defendants and any and all State entities and officials from any and all claims for attorneys' fees and costs in this Action, past, present, and future, including any fees or costs incurred by any counsel working on Plaintiffs' behalf regarding activities contemplated by the Settlement Agreement.  This release is binding on Plaintiffs' heirs, representatives, successors, assigns, agents and attorneys.  Aside from the payment of $275,000 by Defendants to Plaintiffs, the Settling Parties shall bear their own respective expenses and costs arising out of this Action.

B.      If Plaintiffs dismiss this Action with prejudice and payment is not made, either Plaintiffs or their counsel, as defined in Section III.A above, shall have the right to recover the $275,000 in an action directly against the state.

7

C.      In the event Plaintiffs do not dismiss this Action with prejudice, and the stay of the Action is lifted pursuant to the procedure stated in Section II.F or II.G, the above provisions regarding the payment of attorneys' fees and costs shall be null and void.  In the event the stay of this Action is lifted, and if Plaintiffs seek attorneys' fees and costs from Defendants after trial or other resolution of this Action, there shall be no application for attorneys' fees and costs for any time between the date this Settlement Agreement is executed and the date Plaintiffs provide notice that the Legislature has passed legislation that does not substantially conform to the Proposed Legislation (pursuant to the procedures set forth in Section II.F), other than for the following work pertaining to implementation of the Settlement Agreement: any filings required by the court, attendance at court hearings, if any, by one attorney each from DISABILITY RIGHTS EDUCATION AND DEFENSE FUND (DREDF), and DISABILITY RIGHTS CALIFORNIA (DRC), and VANAMAN GERMAN LLP, and the evaluation of whether the final legislation substantially conforms with the Proposed Legislation, to the extent that Defendants have not already advised Plaintiffs that the final legislation does not substantially conform with the Proposed Legislation.

## IV.  Miscellaneous Covenants

A.      This Settlement Agreement is made under and shall be construed and enforced in accordance with the laws of the State of California, without giving effect to its conflicts of law principles that would require or permit a court to consider the laws of any other state.

B.      This is a settlement of disputed claims.  Nothing in this Settlement Agreement shall be interpreted or construed as an admission of liability or wrongdoing by any Defendant.

C.      The Parties represent that they have authority to sign this Settlement on behalf of

*EE. v. State of California* Settlement Agreement

their respective parties, subject only to the conditions and approvals discussed explicitly in this document.

D.      The Parties acknowledge that they have each read this Settlement Agreement, that they understand its meaning and intent, that they have executed it voluntarily and with opportunity to consult with legal counsel, and have participated and had an equal opportunity to participate in the drafting and approval of drafting of this Settlement Agreement.

E.      This Settlement Agreement may be signed in separate counterparts, each of which shall be deemed an original, and said counterparts shall together constitute one and the same Settlement Agreement, binding all parties hereto notwithstanding that all of the parties are not signatory to the original or same counterpart.

F.      The Settlement Agreement shall be deemed fully executed as of the date of the last signature.

G.      The Parties understand and agree that this Settlement Agreement constitutes the sole agreement among them to settle this Action.  Any modification to the Settlement Agreement must be made in writing and signed by all Parties to this Settlement Agreement.

Plaintiffs

Dated:  April 29, 2022          E.E., THROUGH HER GUARDIAN AD LITEM A.J., *Plaintiff*

DocuSigned by:
*Anjure Johnson*
By: _____
84E2B5E04D5B4E3

Dated:  April 29, 2022          L.N., THROUGH HIS GUARDIAN AD LITEM K.N., *Plaintiff*

DocuSigned by:
By: _____
47B4104579054B5

9

*EE. v. State of California* Settlement Agreement

Dated:  April 29, 2022    H.H., THROUGH HER GUARDIAN AD LITEM M.H.,
            *Plaintiff*

By: *Melissa Hardaway*
    4326576CA73D41E...

Dated:  April 29, 2022    K.H., THROUGH HER GUARDIAN AD LITEM C.H.,
            *Plaintiff*

By: *Christina Hooke*
    F2EA8BDEAC5745E...

Dated:  April 29, 2022    DISABILITY RIGHTS EDUCATION & DEFENSE
            FUND, *Plaintiff*

By: *Susan Henderson*
    EDDD6ECD002F430...

Dated:  April 29, 2022    The ARC OF CALIFORNIA,
            *Plaintiff*

By: *Jordan Lindsey*
    A7DECF758DC547A...

Defendants

Dated:  April __, 2022    CALIFORNIA DEPARTMENT OF EDUCATION,
            *Defendant*

By:_____
    MARY NICELY
    Chief Deputy Superintendent of Public Instruction

10

*EE. v. State of California* Settlement Agreement

Dated:  April __, 2022                 H.H., THROUGH HER GUARDIAN AD LITEM M.H.,
                                       *Plaintiff*


                                       By:_____


Dated:  April __, 2022                 K.H., THROUGH HER GUARDIAN AD LITEM C.H.,
                                       *Plaintiff*


                                       By:_____


Dated:  April __, 2022                 DISABILITY RIGHTS EDUCATION & DEFENSE
                                       FUND, *Plaintiff*


                                       By:_____


Dated:  April __, 2022                 The ARC OF CALIFORNIA,
                                        *Plaintiff*


                                       By:_____


<u>Defendants</u>


Dated: May 2, 2022                     CALIFORNIA DEPARTMENT OF EDUCATION,
                                       *Defendant*

                                       By:_____
                                           MARY NICELY
                                           Chief Deputy Superintendent of Public Instruction


10

*EE. v. State of California* Settlement Agreement

Dated:  April __, 2022

**May 2, 2022**

THE STATE OF CALIFORNIA,
*Defendant*

By: _____

DAVID SAPP
Chief Deputy Legal Affairs Secretary
Office of Governor Gavin Newsom

Dated:  April __, 2022

STATE BOARD OF EDUCATION,
*Defendant*

By: _____

LINDA DARLING-HAMMOND
State Board President

<u>Attorneys for Plaintiffs</u>

Dated: April __, 2022

DISABILITY RIGHTS CALIFORNIA

By: _____

MELINDA BIRD

Dated: April ___, 2022

VANAMAN GERMAN LLP

By: _____

DAVID W. GERMAN

11

*EE. v. State of California* Settlement Agreement

Dated:  April __, 2022

THE STATE OF CALIFORNIA,
*Defendant*

By: _____

      DAVID SAPP
      Chief Deputy Legal Affairs Secretary
      Office of Governor Gavin Newsom


Dated:  May 2, 2022

STATE BOARD OF EDUCATION,
*Defendan*t

By: _____

      LINDA DARLING-HAMMOND
      State Board President


Attorneys for Plaintiffs


Dated: April __, 2022

DISABILITY RIGHTS CALIFORNIA

By: _____
                 MELINDA BIRD


Dated: April ___, 2022

VANAMAN GERMAN LLP

By: _____
               DAVID W. GERMAN


11

*EE. v. State of California* Settlement Agreement

Dated:  April __, 2022                THE STATE OF CALIFORNIA,
                                       *Defendant*

                                       By: _____

                                            DAVID SAPP
                                            Chief Deputy Legal Affairs Secretary
                                            Office of Governor Gavin Newsom


Dated:  April __, 2022                STATE BOARD OF EDUCATION,
                                       *Defendan*t

                                       By: _____

                                            LINDA DARLING-HAMMOND
                                            State Board President


Attorneys for Plaintiffs

Dated: April 29, 2022                 DISABILITY RIGHTS CALIFORNIA

                                       By: _____
                                            MELINDA BIRD


Dated: April ___, 2022                VANAMAN GERMAN LLP


                                       By: _____
                                            DAVID W. GERMAN


                                       11

                                       *EE. v. State of California* Settlement Agreement

Dated:  April __, 2022                THE STATE OF CALIFORNIA,
                                      *Defendant*

                                      By: _____
                                            DAVID SAPP
                                            Chief Deputy Legal Affairs Secretary
                                            Office of Governor Gavin Newsom


Dated:  April __, 2022                STATE BOARD OF EDUCATION,
                                       *Defendan*t

                                      By: _____
                                            LINDA DARLING-HAMMOND
                                            State Board President


Attorneys for Plaintiffs


Dated: April __, 2022                 DISABILITY RIGHTS CALIFORNIA


                                      By: _____
                                                  MELINDA BIRD


Dated: April 29, 2022                 VANAMAN GERMAN LLP


                                      By: _____
                                                  DAVID W. GERMAN


11

*EE. v. State of California* Settlement Agreement

Dated: April <u>29</u>, 2022

DISABILITY RIGHTS EDUCATION AND
DEFENSE FUND

By: _____

CLAUDIA CENTER

<u>Attorneys for Defendants</u>

Dated: April ___, 2022

CALIFORNIA DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL

By: _____

JENNIFER A. BUNSHOFT
KEVIN QUADE
ELIZABETH LAKE
ANTHONY PINGGERA
Deputy Attorneys General

*EE. v. State of California* Settlement Agreement

Dated: April ___, 2022                     DISABILITY RIGHTS EDUCATION AND
                                           DEFENSE FUND


                                           By: _____
                                                   CLAUDIA CENTER




Attorneys for Defendants

Dated: May 2, 2022                         CALIFORNIA DEPARTMENT OF JUSTICE
                                           OFFICE OF THE ATTORNEY GENERAL


                                           By: *Jennifer Bunshoft* _____

                                           JENNIFER A. BUNSHOFT
                                           KEVIN QUADE
                                           ELIZABETH LAKE
                                           ANTHONY PINGGERA
                                           Deputy Attorneys General

*EE. v. State of California* Settlement Agreement

# EXHIBIT B

51744.  (a)  The Legislature finds and declares that by offering a range of quality educational options, including classroom-based, hybrid, and nonclassroom-based programs, local educational agencies can better tailor instruction to pupils, thereby improving academic outcomes while maximizing enrollment.

(b) It is the intent of the Legislature that local educational agencies offer educational programs that best serve the needs of their pupils.

(c) It is also the intent of the Legislature to encourage local educational agencies, when adopting a written policy pursuant to Section 51747 or 51749.5, to consider offering more than one independent study model for short- and long-term placements in accordance with Sections 51747, 51747.5, and 51749.6.

SEC. 73.  Section 51745 of the Education Code is amended to read:

51745.  (a)  Commencing with the 1990–91 school year, a local educational agency may offer independent study to meet the educational needs of pupils in accordance with the requirements of this article. For the 2021–22 school year only, the governing board of a school district or a county office of education shall offer independent study to meet the educational needs of pupils. Educational opportunities offered through independent study may include, but shall not be limited to, the following:

(1)  Special assignments extending the content of regular courses of instruction.

(2)  Individualized study in a particular area of interest or in a subject not currently available in the regular school curriculum.

(3)  Continuing and special study during travel.

(4)  Volunteer community service activities and leadership opportunities that support and strengthen pupil achievement.

(5)  Individualized study for a pupil whose health would be put at risk by in-person instruction, as determined by the parent or guardian of the pupil, or a pupil who is unable to attend in-person instruction due to a quarantine due to exposure to, or infection with, COVID-19, pursuant to local or state public health guidance.

(b)  Beginning July 1, 2021, with the exception of pupils participating in independent study programs due to an emergency, as described in Sections 41422 and 46392, not more than 10 percent of the pupils participating in an opportunity school or program, or a continuation high school, calculated as specified by the

**AB 181**

department, shall be eligible for apportionment credit for independent study pursuant to this article. A pupil who is pregnant or is a parent who is the primary caregiver for one or more of their children shall not be counted within the 10 percent cap.

(c)  An individual with exceptional needs, as defined in Section 56026, may participate in independent study, if the pupil's individualized education program developed pursuant to Article 3 (commencing with Section 56340) of Chapter 4 of Part 30 specifically provides for that participation. If a parent or guardian of an individual with exceptional needs requests independent study pursuant to paragraph (5) of subdivision (a), the pupil's individualized education program team shall make an individualized determination as to whether the pupil can receive a free appropriate public education in an independent study placement. A pupil's inability to work independently, the pupil's need for adult support, or the pupil's need for special education or related services shall not preclude the individualized education program team from determining that the pupil can receive a free appropriate education in an independent study placement.

(d)  A temporarily disabled pupil shall not receive individual instruction pursuant to Section 48206.3 through independent study.

(e)  No course included among the courses required for high school graduation under Section 51225.3 shall be offered exclusively through independent study.

(f)  The governing board of a school district or county office of education may meet the requirement to offer independent study for the 2021–22 school year described in subdivision (a) by contracting with a county office of education or by entering into an interdistrict transfer agreement with another school district pursuant to Section 46600.

(g)  The requirement to offer independent study for the 2021–22 school year described in subdivision (a) may be waived for school districts by the county superintendent of schools in the county in which the school district is located and waived for county offices of education and school districts in single-district counties by the Superintendent if the school district or county office of education, as applicable, demonstrates both of the following:

(1)  Offering independent study would create an unreasonable fiscal burden on the school district or county office of education

due to low numbers of pupils participating or other extenuating circumstances.

(2)  The governing board of the school district or county office of education does not have the option to enter into an interdistrict transfer agreement with another school district or to contract with a county office of education to provide an independent study option, as described in subdivision (f).

SEC. 74.  Section 51745.5 of the Education Code is amended to read:

51745.5.  For purposes of this article the following definitions apply:

(a)  "Live interaction" means interaction between the pupil and local educational agency classified or certificated staff, and may include peers, provided for the purpose of maintaining school connectedness, including, but not limited to, wellness checks, progress monitoring, provision of services, and instruction. This interaction may take place in person, or in the form of internet or telephonic communication.

(b)  "Local educational agency" means a school district, county office of education, or charter school.

(c)  "Pupil-parent-educator conference" means a meeting involving, at a minimum, all parties who signed the pupil's written independent study agreement pursuant to subdivision (g) of Section 51747 or the written learning agreement pursuant to subdivision (b) of Section 51749.6.

(d)  "Synchronous instruction" means classroom-style instruction or designated small group or one-on-one instruction delivered in person, or in the form of internet or telephonic communications, and involving live two-way communication between the teacher and pupil. Synchronous instruction shall be provided by a teacher or teachers of record for that pupil pursuant to Section 51747.5 or the certificated employee of the local educational agency providing instruction for course-based independent study.

SEC. 75.  Section 51746 of the Education Code is amended to read:

51746.  It is the intent of the Legislature that school districts and county offices of education offering independent study shall provide appropriate existing services and resources to enable pupils to complete their independent study successfully and shall ensure the same access to all existing services and resources in the school

on nonpublic school pupils and teachers in the state, shall be available for encumbrance through September 30, 2023.

SEC. 109.   The Legislature finds and declares that the amendments to Section 51745 of the Education Code, made by Section 73 of this act, are intended to clarify the legal requirements for local educational agencies for serving individuals with exceptional needs, as defined in Section 56026 of the Education Code, when offering independent study. The COVID-19 pandemic has caused significant disruption to many aspects of the state's public education system and to the experience of pupils and families. The implementation of independent study programs under Assembly Bill 130 (Chapter 44 of the Statutes of 2021), to support the return to in-person learning in the 2021–22 school year, in particular at the start of the school year, highlighted several areas where additional clarity in the law would benefit local educational agencies, pupils, and families.

SEC. 110.   (a) A local educational agency may claim apportionment for a pupil who receives services from a nonpublic, nonsectarian school as defined in Section 56034 of the Education Code through a virtual program if all of the following conditions are met:

(1)  The pupil is an individual with exceptional needs, as defined in Section 56026 of the Education Code, whose individualized education program includes a placement at a nonpublic, nonsectarian school pursuant to Sections 56365 and 56366 of the Education Code.

(2)  The local educational agency offers independent study pursuant to paragraph (5) of subdivision (a) of Section 51745 of the Education Code.

(3)  The pupil's parent or guardian requests independent study pursuant to paragraph (5) of subdivision (a) of Section 51745 of the Education Code.

(4)  The pupil's individualized education program team determines that a free appropriate public education can be provided by a virtual program in the nonpublic, school placement.

(5)  The virtual program provided by the nonpublic, nonsectarian school includes procedures for tiered reengagement strategies for all pupils who are not generating attendance for more than three schooldays or 60 percent of the instructional days in a school week, or 10 percent of required minimum instructional time over four

continuous weeks of a local educational agency's approved instructional calendar, or pupils who do not participate in scheduled live interaction or synchronous instruction for more than the greater of three schooldays or 60 percent of the scheduled days of synchronous instruction in a school month as applicable by grade span.

(b)  A local educational agency may claim apportionment credit for a virtual program at a nonpublic, nonsectarian school as described in subdivision (a) only to the extent of the time value of pupil work products, as personally judged in each instance by a certificated teacher employed by the nonpublic, nonsectarian school.

(c)  To ensure the authorization of services provided under this section does not undermine the entitlement of individuals with exceptional needs to a free appropriate public education, this section shall become inoperative on July 1, 2024, and on January 1, 2025, is repealed.

SEC. 111.    (a) The State Department of Education, in consultation with the executive director of the State Board of Education, may extend the contract for the independent evaluation of assessments required pursuant to subdivision (b) of Section 60649 of the Education Code, as that section read on January 1, 2021, by a period of up to two years if additional time is needed to complete the evaluation.

(b)  The independent evaluation report that was required to be submitted pursuant to subdivision (c) of Section 60649 of the Education Code, as that section read on January 1, 2021, shall instead be submitted to the Governor, the Superintendent of Public Instruction, the State Board of Education, and the chairs of the education policy committees in both houses of the Legislature by October 31, 2023.

SEC. 112.    Commencing with the 2021–22 fiscal year, the Superintendent of Public Instruction shall adjust the amounts determined pursuant to Sections 42238 and 47633 of the Education Code, and used for purposes of allocating revenues received pursuant to subparagraph (B) of paragraph (3) of subdivision (e) of Section 36 of Article XIII of the California Constitution, by the percentage change in the annual average value of the Implicit Price Deflator for State and Local Government Purchases of Goods and Services for the United States, as determined pursuant to paragraph

# CERTIFICATE OF SERVICE

Case Name:   **E.E.; A.J.; L.N.; through**       No.    **3:21-cv-7585**
             **guardian ad litem K.N., et al. v**
             **State of California; SBE; and**
             **CDE**

I hereby certify that on <u>July 18, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF ANTHONY C. PINGGERA IN SUPPORT OF THE JOINT MOTION FOR VACATUR AND REQUEST FOR DEPUBLICATION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 18, 2022</u>, at Los Angeles, California.

Gail Agcaoili
Declarant                                             Signature

SF2021304708
65275873.docx